IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIKO AB, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 07-5302 |
| v. | : | |
| RISE LIFTS, INC., et al., | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

AND NOW, this 15th day of December, 2008, in accordance with the rulings made during the record hearing held on December 4, 2008, it is hereby ORDERED that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 41) is DENIED. In this Opinion, the Court provides further elaboration for denying the Motion to Dismiss the Second Amended Complaint.

**I.     FACTUAL BACKGROUND**

Liko AB ("Plaintiff") brings this action against Rise Lifts, Inc., and Romedic, Inc. (collectively "Defendants"). Plaintiff manufactures, markets and sells patient lifts, transfer devices and slings for use in hospitals, healthcare facilities and private homes. Defendants also manufacture, market, sell and distribute patient lifts and slings for use in hospitals, health care facilities and private homes.

Plaintiff filed its First Amended Complaint on February 15, 2008, and oral argument was held on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint on May 18, 2008 before former Judge James T. Giles. On July 31, 2008, Judge Giles issued a Memorandum and

1

Order requiring Plaintiff to amend the First Amended Complaint to more specifically set forth Plaintiff's causes of action.  Count I of Plaintiff's First Amended Complaint alleged infringement of Federal Trademark Registration No. 3,213,621, "REPO SHEET;" Count II alleged infringement of Plaintiff's trade dress; Count III alleged false designation of origin in violation of 15 U.S.C. § 1125(a); and Count IV alleged common law unfair competition.

With respect to Count I, trademark infringement, Judge Giles, in his Order of July 31, 2008, required Plaintiff to "clarify what products Defendants are allegedly using that mark to advertise, and how the mark so advertises these products."  Liko AB v. Rise lifts, Inc., 2008 U.S. Dist. LEXIS 58033, *15 (E.D. Pa. 2008) (Giles, J.).  With respect to Count II, trade dress infringement, the Court ordered Plaintiff to replead Count II to meet the notice pleading requirement, and to "plead with greater clarity the trade dress at issue."  Id. at *19.  With respect to Counts III and IV, the Court required Plaintiff to amend those Counts, only to the extent required by the amendments to the first two Counts.  The parties agree that the sufficiency of the latter two Counts is dependant upon the sufficiency of the first two Counts.

On August 20, 2008, Plaintiff filed its Second Amended Complaint (Doc. No. 41). Defendants filed a Motion to Dismiss the Second Amended Complaint on September 15, 2008 (Doc. No. 43).  Oral argument was heard on Defendants' Motion to Dismiss the Second Amended Complaint, and Plaintiff's Response, on December 4, 2008.

**II. STANDARD OF REVIEW**

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint,

the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (stating that this statement of the Rule 12(b)(6) standard remains acceptable following the U.S. Supreme Court's decision in Bell Atlantic Co. v. Twombly, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007)). To withstand a motion to dismiss under Rule 12(b)(6), "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Id. at 232 (quoting Twombly, 127 S.Ct 12 1965). Thus, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 234 (quoting Twombly, 127 S.Ct. At 1965); see also Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315, 322 (following Phillips). This standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1965) (quotations omitted).

When deciding a motion to dismiss under Rule 12(b)(6), a court may properly consider the factual allegations contained in the complaint, exhibits attached thereto, documents referenced therein, matters of public record, and undisputedly authentic documents attached as exhibits to the defendants' motion to dismiss if the plaintiff's claims are based on those documents. Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994).

### III. DISCUSSION

    A.    Count I: Trademark Infringement

In Count I, Plaintiff alleges that Defendants have infringed upon Plaintiff's trademark "REPO SHEET" by using this Mark on Defendants' website to advertise Defendants' products.

Plaintiff alleges that Defendants' use of Plaintiff's Mark is likely to cause confusion, cause mistake and deceive customers into believing that the products sold by Defendants originate from, or are sponsored by, Plaintiff.  (Second Amend. Compl. ¶ 27.)

A claim of trademark infringement consists of three elements: (1) Plaintiff must be the legal owner of the mark; (2) Plaintiff's mark must be valid and legally entitled to protection; and (3) Defendants' use of the mark is likely to confuse consumers about the origin of the goods or services.  Freedom Card v. JPMorgan Chase & Co., 432 F.3d 463, 479 (3d Cir. 2005) (citing A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 166 F.3d 197, 202 (3d Cir. 1999)).  In the Second Amended Complaint, Plaintiff alleges that it is the legal owner of the REPO SHEET Mark and that its Mark is valid and legally entitled to protection.  In Paragraph 27 of the Second Amended Complaint, Plaintiff further alleges that:

> Upon information and belief, at least as early as October 2007, Rise Lifts advertised, offered for sale, and sold its non-Liko patient lifting and turning device known as "Repositioning Sheet" by improperly, wrongfully and without authorization using the term "Repo Sheet" on its website (www.riselifts.com).  Specifically, Defendants' website used an unauthorized copy of the REPO SHEET Mark by displaying the term "Repo Sheet" under the category of "Turning/Repositioning" products to entice customers to purchase Defendants' products.  This unauthorized use of Liko's REPO SHEET Mark on Defendants' website to advertise, offer for sale and sell virtually identical competing goods as that covered by the REPO SHEET Mark is and/or has been likely to caused [sic] confusion, or to cause mistake, or to create initial interest confusion by deceiving customers into believing that when they click on the term "Repo Sheet" on Defendant's [sic] website they will be led to Liko's products, or will induce customers to purchase Defendants' products believing them to be Liko's products in violation of 15 U.S.C. §§ 1114 and 1125.

(Second Amend. Compl. ¶ 27.)

Defendants argue that Plaintiff's Second Amended Complaint has failed to state a claim of trademark registration infringement. Defendants argue that Plaintiff has still not sufficiently alleged what products or services the Mark is alleged to have identified, and, in fact, that there is no such product. Plaintiff argues that its Complaint satisfies the pleading requirements through its allegation that Defendants' use of the mark will cause confusion when a customer "clicks on the term 'Repo Sheet' on Defendant's [sic] website" and are taken to a product not produced by the Plaintiff. (Second Amend. Compl. ¶ 27.)

Plaintiff has pled that Defendants have used the mark to advertise Defendants' products and that such use of the mark is likely to confuse customers. Plaintiff has also sufficiently identified which product it is referring to on Defendants' website to satisfy the standard to survive a Rule 12(b)(6) motion to dismiss. Plaintiff has referred to "Turning/Repositioning" products which are more fully described in the attachments to the Second Amended Complaint. (See Exhibit B of the Second Amended Compl.) Defendants have sufficient notice as to which specific products Plaintiff claims was used in connection with its protected REPO SHEET Mark to satisfy the requirements of Twombly, 127 S.Ct. 1955, and Rule 12(b)(6). The Court finds that Plaintiff has properly pled the elements of a claim of trademark infringement and Defendants' Motion to Dismiss Count I is denied.

B.   Count II: Trade Dress Infringement

In Count II, Plaintiff alleges that Defendants have infringed the trade dress of Plaintiff's Viking product line. Plaintiff alleges that Defendants' product lines, including "EVA" and "RINO", use Plaintiff's trade dress, and that such use is likely to confuse customers as to the origin of Defendants' products. (Second Amend. Compl. ¶ 36.) In specifically identifying the

features of Plaintiff's product that they allege is protected trade dress, Plaintiff states that:

> Liko's product line known as "Viking" comes in five different sizes—extra small, small, medium, large and extra large—and is comprised of non-functional designs and aesthetic features, which together are arbitrary embellishments that create an overall look to Liko's products that is non-functional and unique to Liko, adopted for the purpose of identifying Liko as the source of its goods that are sold in commerce ("Liko's Trade Dress"). Liko's Trade Dress in the overall appearance of its Viking lifts is created by the combination and configuration of the non-functional designs and aesthetic features comprising: the shape and design of the lift's main horizontal arm (shown as **Exhibit D**); the shape and design of the "slingbar," which is the coat hanger-shaped bar suspended from the lift's arm (as shown in Exhibit D); the shape, design and configuration of the vertical lift bar, which runs vertically and joins the middle of the lift's main arm (as shown in Exhibit D); the shape, design and configuration of the joint between the lift arm and vertical lift bar (as shown in Exhibit D); the shape and configuration of the undercarriage (as shown in Exhibit D); the shape, design and placement of the battery/electronic box (as shown in Exhibit D); placement of the logo (as shown in Exhibit D); the design of the color-coded sling size label (as shown in Exhibit D); and the overall configuration and appearance of these features combined on the device.

(Second Amend. Compl. ¶ 33.)

In their Motion to Dismiss, Defendants argue that Plaintiff has failed to allege sufficient facts to establish a legally cognizable trade dress claim. Specifically, Defendants argue that the allegations set forth in Paragraph 33 are insufficient to put Defendants on notice as to what trade dress is at issue. Although Paragraph 33 now more fully identifies the Viking non-functional designs and aesthetic features, Defendants still contend that Plaintiff's failure to more specifically define which aspects of the "lift's main horizontal arm," "the slingbar," "the vertical lift bar," "the joint between the lift arm and vertical lift bar," "the undercarriage," "the battery/electronic box" and "the color size meter" are infringing Plaintiff's trade dress deprives

6

Defendants of adequate notice of Plaintiff's claim.  Defendants do not suggest that trade dress infringement must be pled with particularity pursuant to Fed. R. Civ. P. 9(b); rather, they argue that Count II, as pled, does not meet the notice pleading standard set forth by Fed. R. Civ. P. 8(a).

A claim of trade dress infringement consists of three elements: "(1) the allegedly infringing design is non-functional; (2) the design is inherently distinctive or has acquired secondary meaning; and (3) consumers are likely to confuse the source of plaintiff's product with that of defendant's product."  McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC, 511 F.3d 350, 357 (3d Cir. 2007).  The revised and expanded allegations of Count II address the three elements of trade dress infringement, and satisfy the notice pleading requirements required to survive a Rule 12(b)(6) motion to dismiss under the standard elucidated in Twombly, 127 S.Ct. 1955.  Trade dress is "the total image or overall appearance of a product, and includes, but is not limited to, such features as size, shape, color combinations, texture, graphics, or even a particular sales technique."  McNeil Nutritionals, 511 F.3d at 357 (quoting Rose Arts Indus., Inc. v. Swanson, 235 F.3d 165, 171 (3d Cir. 2000).  The Court finds that Plaintiff has pled the elements of a claim of trade dress infringement and Defendants' Motion to Dismiss Count II is denied.

    C.    Counts III and IV: False Designation and Common Law Unfair Competition

In Count III, Plaintiff alleges that Defendants have used Plaintiff's REPO SHEET Mark and trade dress to falsely designate the origin of Defendants' products.  A false designation claim has four elements: (1) the defendants used a false designation of origin; (2) the use occurred in interstate commerce; (3) that such false designation is likely to cause confusion, mistake or deception as to the origin, sponsorship, or approval of Defendants' goods or services by another person; and (4) that Plaintiff has been or is likely to be damaged.  See American Tel. and Tel. Co.

v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1428 (3d Cir. 1994); see also 15 U.S.C. § 1125(a).  In Judge Giles' Order of July 31, 2008, the Court found that Plaintiff's First Amended Complaint alleged facts addressing each of the above elements and that, therefore, Plaintiff had stated a claim of false designation of origin.  As Count III was not changed between the First and Second Amended Complaints, this Court finds that Plaintiff has alleged facts sufficient to state a claim for false designation of origin, and Defendants' Motion to Dismiss Count III is denied.

In Count IV, Plaintiff alleges that Defendants have used unfair methods of competition in trade or commerce that have damaged Plaintiff.  A claim for unfair competition under Pennsylvania common law is identical to a claim under the Lanham Act, except that it does not have an interstate commerce requirement.  Gideons Int'l, Inc. v. Gideon 300 Ministries, Inc., 94 F. Supp. 2d 566, 580-81 (E.D. Pa. 1999); see also Fisons Horticulture, Inc. v. Vigoro Indus., 30 F.3d 466, 472 (3d Cir. 1994).  Thus, in order to state a claim for common law unfair competition, a plaintiff must allege that: (1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendants' use of the mark to identify its own goods or services causes a likelihood of confusion.  A&H Sportswear, Inc. v. Victoria's Secret Store, Inc., 237 F.3d 198, 210 (3d Cir. 2000).  Judge Giles found that Plaintiff's First Amended Complaint alleged facts addressing each of the above elements and that Plaintiff had stated a claim of common law unfair competition.  As Count IV was not changed between the First and Second Amended Complaints, this Court finds that Plaintiff has alleged facts sufficient to state a claim for common law unfair competition, and Defendant's Motion to Dismiss Count IV is denied.

Further, both parties agree that the sufficiency of Counts III and IV depend on the sufficiency of Counts I and II. Because this Court finds that Plaintiff has adequately plead the requirements of Counts I and II, the Court finds that Counts III and IV are adequately plead.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIKO AB, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 07-5302 |
| | : | |
| v. | : | |
| | : | |
| RISE LIFTS, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this 15th day of December, 2008, based upon the foregoing Memorandum, and in accordance with the ruling made during the record hearing held on December 4, 2008, it is hereby ORDERED that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 41) is DENIED.

BY THE COURT:

s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.